<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

<table>
<tr><td>CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE</td><td>MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903</td></tr>
</table>

June 8, 2026

Brian Jacobi
Political Asylum Lawyers
9450 SW Gemini Dr.
PMB 6524
Beaverton, OR 97008
*Counsel for Plaintiff*

Sophie Kaiser
United States Attorney's Office, District of New Jersey
970 Broad Street
Newark, NJ 07102
*Counsel for Defendants*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

**Re:** ***German Garcia Maltez v. U.S. Department of Homeland Security, et al.*, Civ. No. 25-14904 (SDW) (JBC)**

Counsel:

Before this Court is Defendants' U.S. Department of Homeland Security ("DHS"), United States Citizenship and Immigration Services ("USCIS"), Kristi Noem[1] (in her official capacity as Secretary of DHS), Joseph Edlow (in his official capacity as Director of USCIS), and Susan Raufer (in her official capacity as Director of the Newark Asylum Office) (collectively, "Defendants") Motion to Dismiss (D.E. 15-1 ("Motion")) Plaintiff German Garcia Maltez's ("Plaintiff") Complaint (D.E. 1 ("Compl.")) pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6). For the reasons stated herein, Defendants' Motion is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

**BACKGROUND & PROCEDURAL HISTORY**

On February 23, 2022, Plaintiff filed an asylum application with the USCIS. (Compl. ¶ 1.) To date, the application has not been adjudicated and remains pending. (*Id.*) On August 26, 2025, Plaintiff filed this Complaint against Defendants, alleging unreasonable delay in adjudicating his application and asserting claims under the Administrative Procedure Act ("APA" (Count I)) and the Mandamus Act, 28 U.S.C. § 1361 (Count II). (*See generally id.*) Plaintiff further alleges that

---

[1] As of March 31, 2026, Kristi Noem is no longer the Secretary of DHS.

Defendants will never process his asylum application under their "last in, first out" ("LIFO") policy for scheduling interviews, because the number of new asylum filings each day exceeds the number of interviews scheduled per day. (*Id.* ¶¶ 16, 20, 26.)  Plaintiff seeks an order compelling Defendants to conduct his asylum interview within 30 days and to issue a decision within 30 days thereafter, as well as to provide regular updates on the status of his application.  (*Id.* at 8.) Defendants moved to dismiss, and timely briefing ensued[2].  (*See* D.E. 15-1; 16.)

**STANDARD OF REVIEW**

A.  Rule 12(b)(1)

This Court can adjudicate a dispute only if it has subject matter jurisdiction over the asserted claims.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) by challenging jurisdiction either facially or factually.  *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357–58 (3d Cir. 2014) (citing *In re Schering Plough Corp. Intron/Temodar Cons. Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)).

Defendants facially challenged this Court's subject matter jurisdiction over Plaintiff's claims. (D.E. 26-1 at 18–26.)  "A facial attack . . . is an argument that considers a claim on its face and asserts that it is insufficient to invoke subject matter jurisdiction of the court because, for example, . . . there is no indication of a diversity of citizenship among the parties."  *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018) (quoting *Const. Party of Pa.*, 757 F.3d at 358).  In considering a facial attack, a district court employs the familiar standards of Rule 12(b)(6), assuming the veracity of the well-pleaded facts in the complaint and construing them in the light most favorable to the plaintiff.  *Const. Part of Pa.*, 757 F.3d at 358 (citing *Schering Plough*, 678 F.3d at 243).

B.  Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).  The factual allegations, accepted as true, must be sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether the allegations in a complaint constitute a "plausible" claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**DISCUSSION**

A.  This Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims

i.       Plaintiff's Challenge to the LIFO System

---

[2] Defendants did not file a reply brief.

2

In both Counts I and II, Plaintiff challenges the USCIS's "last in, first out" ("LIFO") scheduling system, the agency's process for deciding the order in which it adjudicates asylum applications. (Compl. ¶¶ 16, 20, 26.) Under LIFO, USCIS prioritizes the newest cases to purportedly deter meritless applications by ensuring that bad-faith applicants are heard quickly and gain little from delay. (D.E. 15-1 at 13.) Plaintiff argues that as a practical matter, his application will never be scheduled for an interview under the LIFO system because more asylum applications are filed each day than interviews are scheduled, and because Defendants do not allocate resources to adjudicating cases in the backlog. (Compl. ¶ 16.) Defendants contend that the USCIS now "burn[s] the candle from both ends" by pairing the LIFO system with an additional scheduling track that starts with the oldest pending applications and proceeds chronologically. (D.E. 15-1 at 15–16.)

The APA limits judicial review to "final agency action[s]". 5 U.S.C. § 704. An agency action is final only if "(1) it mark[s] the consummation of the agency's decision making process, and (2) it is one by which rights or obligations have been determined or from which legal consequences will flow." *Mutlu v. Mayorkas*, No. 23-22176, 2024 WL 4117329, at *2 (D.N.J. Sept. 9, 2024) (quoting *Logic Tech. Dev. LLC v. United States Food & Drug Admin.*, 84 F.4th 537, 551 (3d Cir. 2023)). Plaintiff's claim fails on the second prong as the LIFO system does not determine Plaintiff's rights or obligations. The criteria for determining whether Plaintiff is entitled to asylum remains the same, and LIFO merely guides the USCIS in scheduling these interviews. Because the LIFO policy is not a "final agency action", this Court lacks subject matter jurisdiction and Plaintiff's challenge to the LIFO system is dismissed under Rule 12(b)(1).

ii.    Mandamus Act Claim

The Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is "an extreme remedy that is invoked only in extraordinary circumstances." *In re Thornton*, No. 24-1941, 2024 WL 3594361, at *1 (3d Cir. July 31, 2024). To qualify for mandamus relief, a litigant must satisfy three requirements: "(1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists." *Temple Univ. Hosp. v. Sec'y United States Health & Hum. Servs.*, 2 F.4th 121, 132 (3d Cir. 2021). The Third Circuit has interpreted these requirements as jurisdictional in nature. *Id.*; *see also Soobzokov v. Att'y Gen. of the U.S.*, 515 F. App'x 98, 101 (3d Cir. 2013).

Here, Plaintiff argues that Defendants have a legal duty to adjudicate his asylum application within a reasonable time. (Compl. ¶¶ 24–25.) Although the INA contemplates a final decision on an application within 180 days absent exceptional circumstances, the statute expressly forecloses any private right of action to enforce such timing. §§ 1158(d)(5)(A)(ii)–(iii); 1158(d)(7). Because Plaintiff is barred from bringing a cause of action to enforce the statutory timeframe, he cannot establish "a clear and indisputable right to relief" sufficient to invoke this Court's subject matter jurisdiction over the claim. *See Mutlu*, 2024 WL 4117329, at *4; *Ahmad v. U.S. Citizenship & Immigr. Servs.*, No. 23-3332, 2024 WL 3272832, at *4 (D.N.J. July 2, 2024). As this Court lacks subject matter jurisdiction, Plaintiff's mandamus claim fails at the outset and is dismissed.

B.  <u>Plaintiff Fails to State a Claim of Unreasonable Delay Under the APA</u>

Plaintiff alleges that Defendants have failed to adjudicate his asylum application within a reasonable time, in violation of the APA.  (Compl. ¶¶ 19–21.)  Defendants argue that Plaintiff has failed to state a viable APA claim because a delay is not unreasonable where expediting one application would merely move that applicant ahead of others, and because the *Oil* factors weigh against a finding of unreasonable delay.  (D.E. 15-1 at 28–36.)  For the reasons set forth below, Plaintiff's unreasonable delay claim is dismissed for failure to state a claim.

The APA provides that courts shall "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  The Third Circuit considers four factors to determine whether agency action has been "unreasonably delayed":

> First, the court should ascertain the length of time that has elapsed since the agency came under a duty to act.  Second, the reasonableness of the delay should be judged in the context of the statute authorizing the agency's action.  Third, the court should assess the consequences of the agency's delay.  Fourth, the court should consider any plea of administrative error, administrative inconvenience, practical difficulty in carrying out a legislative mandate, or need to prioritize in the face of limited resources.

*Oil, Chem. & Atomic Workers Union v. Occupational Safety & Health Admin.*, 145 F.3d 120, 123 (3d Cir. 1998) (quoting *Raymond Proffitt Found. v. U.S. E.P.A.*, 930 F. Supp. 1088, 1102 (E.D. Pa. 1996)).  Each factor weighs in favor of Defendants.

First, Plaintiff filed his initial Complaint more than three and a half years after he submitted his application to the USCIS.  (Compl. ¶ 1.)  Although a wait exceeding three years is significant, this District has held that delays of this length are not unreasonable.  *See Elezaj v. Mayorkas*, No. 24-00935, 2025 WL 368877, at *8 (D.N.J. Feb. 3, 2025); *Altun v. Mayorkas*, No. 23-3944, 2024 WL 4882578, at *3 (D.N.J. Nov. 25, 2024); *Jamoussian v. Blinken*, No. 21-10980, 2022 WL 538424, at *2 (D.N.J. Feb. 23, 2022) ("The case law . . . has found that delays of three to five years are not unreasonable—even before the COVID pandemic hit."); *Zengin v. Mayorkas*, No. 24-2196, 2025 WL 337594, at *3 (D.N.J. Jan. 29, 2025).

Second, in light of the statutory context, Congress made clear that although the INA sets a 180-day timeframe for adjudicating asylum applications, it expressly provides that no private right of action exists to enforce that timeline.  *Mutlu*, 2024 WL 4117329, at *3; § 1158(d)(7).  Accordingly, the 180-day timeframe is not mandatory and Defendants' failure to meet it is not unreasonable.  *Mutlu*, 2024 WL 4117329, at *3.

Third, while the consequences of the delay are understandably frustrating, this District has recognized that "the painful consequences of [] delay are inherent in our immigration system.  *Id.* (quoting *Azam v. Bitter*, No. 23-4137, 2024 WL 912516, at *10 (D.N.J. Mar. 4, 2024).  The relief Plaintiff seeks would simply allow him to bypass other applicants who have also been waiting, and this Court may not "compel agency action where the result would be merely to expedite the

consideration of a plaintiff's request ahead of others." *Id.* (quoting *Azam*, 2024 WL 912516, at *10). As Defendants note, Congress and USCIS have taken steps to mitigate the effects of delay by protecting asylum applicants from removal and permitting them to seek employment authorization while their applications remain pending. (D.E. 26-1 at 32–33; § 1158(d)(2); 8 C.F.R. § 208.7(a).

Lastly, this Court considers "any plea of administrative error, administrative inconvenience, practical difficulty in carrying out a legislative mandate, or need to prioritize in the face of limited resources." *Oil, Chem.*, 145 F.3d at 123. Here, although Plaintiff alleges that Defendants "do not in practice dedicate resources to reviewing cases out of the backlog"[3], the Complaint does not plausibly establish that Defendants' delays have stemmed from anything other than limited resources and the overall volume of pending asylum applications. (Compl. ¶ 20.) Moreover, given the broad statutory deference afforded to the agency in processing asylum applications, this Court will not intrude into Defendants' internal processes for determining how to process the applications more efficiently. *Salloum v. United States Dep't of Homeland Sec.*, No. CV 25-00334, 2026 WL 74197, at *6 (D.N.J. Jan. 9, 2026); *Azam*, 2024 WL 912516, at *11.

Having considered each of the *Oil* factors, this Court concludes that Plaintiff has failed to state a plausible APA claim for unreasonable delay of his asylum application, and Defendants' motion to dismiss Plaintiff's unreasonable delay claim is granted pursuant to Rule 12(b)(6).

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**. An appropriate order follows.

        ____/s/ Susan D. Wigenton_____
        **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
        Parties
        James B. Clark, U.S.M.J.

---

[3] Plaintiff argues that this Court cannot consider "Defendants' extrinsic factual allegations" regarding the backlog of applications at USCIS, but this District has long acknowledged the agency's extensive backlog. *See Mutlu*, 2024 WL 4117329, at *4; *Gouem v. Raufer*, No. CV 25-1667, 2025 WL 2322456, at *3 (D.N.J. Aug. 12, 2025); *Elezaj*, 2025 WL 368877, at *7.